IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE PIERRE OLIVIER,<br>    Plaintiff,<br>vs.<br>LT. D. DUNSTAN, et al.,<br>    Defendants. | No. C 13-02954 DMR (PR)<br><br>**ORDER OF SERVICE AND PARTIAL DISMISSAL** |

Plaintiff, a state prisoner currently incarcerated at Pleasant Valley State Prison, has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 stemming from alleged constitutional violations that occurred while he was incarcerated at the California Training Facility ("CTF"). Plaintiff has consented to magistrate judge jurisdiction, and this matter has been assigned to the undersigned Magistrate Judge.

His motion for leave to proceed *in forma pauperis* will be granted in a separate written Order.

Venue is proper because the events giving rise to the claims are alleged to have occurred at CTF, which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

In his complaint, Plaintiff states four claims: (1) an excessive force claim stemming from a June 27, 2012 incident; (2)&(4) claims of deliberate indifference to his safety stemming from incidents in June 2011 and May 2012; and (3) a due process claim relating to the guilty finding at his August 8, 2012 disciplinary hearing. Plaintiff names the following Defendants, who are prison officials at CTF: Lieutenant D. Dunstan; Appeals Coordinator J. Truett; Sergeants C. Freeman and A. Gonzales, Jr.; Correctional Officers Alcatar, D. Lucio, R. Ruano, S. E. Baumgardner, L. Cuevas and C. Liberatore; and Investigative Officer S. Hernandez. Plaintiff seeks monetary damages.

**DISCUSSION**

**I.  Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

§ 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## II. Legal Claims

### A. Excessive Force

A prisoner has the right to be free from cruel and unusual punishment, including physical abuse by guards. Whenever prison officials stand accused of using excessive physical force in violation of the Eighth Amendment, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *Hudson v. McMillian*, 503 U.S. 1, 6 (1992) (citing *Whitley v. Albers*, 475 U.S. 312, 317 (1986)).

Plaintiff alleges that he was subjected to excessive force by CTF prison officials on June 27, 2012 during his cell placement (Claim 1). Although Plaintiff does not claim he was resisting, Defendants Baumgardner and Cuevas "forcibly drag[ged] Plaintiff across the floor for placement into a cell specifically designed only for one-inmate." Compl. at 6, 8-9.[1] Plaintiff claims that as the supervising sergeant, Defendant Gonzales ordered Defendants Baumgardner and Cuevas to use such force on Plaintiff and "continu[ed] a custom of CDCR Correctional Officers acting with malicious, sadistic and wanton intent via excessive force violating [California Code of Regulations] Title 15 § 3268(a)(2)[2] on 6/27/12." *Id.* at 6 (footnote added). Plaintiff also alleges that Defendant Liberatore

---

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Plaintiff.

[2] Title 15 of the California Code of Regulations § 3268 states as follows: "The purpose of this Section is to set forth Department of Corrections and Rehabilitation (CDCR) policy governing the use of force. The policy has its foundation in California Penal Code statutes and relevant case decisions." Cal. Code Regs. tit. 15, § 3268. Under subsection (a) are "Definitions" of certain terms

2

failed to intervene by "fail[ing] to act and stop C.O.'s Baumgardner and Cuevas from dragging Plaintiff across the floor . . . ." *Id.* at 10. Plaintiff claims that this "inhuman[e] treatment exacerbated [his] chronic condition of Fibromyalgia [and] neck, back and shoulder pain" as well as "caused tramatizing [sic] emotional distress and anxiety." *Id.* at 7.

Liberally construed, Plaintiff's complaint states a cognizable Eighth Amendment claim against Defendants Gonzales, Baumgardner, Cuevas and Liberatore.

### B.     Improperly Joined Claims

No other named Defendant is adequately linked to the aforementioned excessive force claim. As such, none of the other named Defendants in the complaint are properly joined as Defendants. Federal Rule of Civil Procedure 20(a) provides that all persons may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and if "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. Pro. 20(a). In this action, Plaintiff not only raises a claim stemming from the June 27, 2012 excessive force incident, but he has raised three other claims alleging wrongdoing committed by other CTF prison officials -- Defendants Dunstan, Truett, Freeman, Alcatar, Lucio, Ruano and Hernandez -- during various time frames in 2011 and 2012. These aforementioned Defendants named in Plaintiff's three other claims had nothing to do with the alleged excessive force incident raised in Claim 1. Claims 2 through 4 are not based on the same transaction, occurrence, or series of transactions and occurrences as Claim 1, and there are not questions of law or fact common to all of the Defendants. Said another way, Plaintiff does not claim that Defendants Gonzales, Baumgardner, Cuevas and Liberatore caused the alleged deliberate indifference to his safety in June 2011 (Claim 4) or May 2012 (Claim 2). Nor does Plaintiff claim that Defendants Gonzales, Baumgardner, Cuevas and Liberatore caused the alleged due process violations that led to the guilty finding at his August 8, 2012 disciplinary hearing (Claim 3). All the named Defendants in Claims 2 through 4 do not satisfy the joinder requirements under Rule 20(a)(2); therefore, they are not properly joined in

---

relating to § 3268, including "(2) Unnecessary Force: The use of force when none is required or appropriate." *Id.* § 3268(a)(2).

this action against Defendants Gonzales, Baumgardner, Cuevas and Liberatore.

Dismissal of the entire action is not necessary, however, as the improper joinder problem can be solved by merely dismissing the improperly joined parties. *See* Fed. R. Civ. P. 21. Accordingly, the Court DISMISSES all named Defendants except for Defendants Gonzales, Baumgardner, Cuevas and Liberatore.

The dismissal of the improperly joined parties is without prejudice to Plaintiff filing new actions asserting Claims 2 through 4 against those parties. When filing his new actions, Plaintiff may only allege claims that: (a) arise out of the same transaction, occurrence, or series of transactions or occurrences: and (b) present questions of law or fact common to all the defendants named therein. Plaintiff may not include in a single complaint everything that has happened to him over a two-year time period that he finds objectionable. He must choose what claims he wants to pursue that meet the joinder requirements; if he asserts improperly joined claims in his new actions, they will be dismissed.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff states a cognizable Eighth Amendment claim for excessive force against Defendants Gonzales, Baumgardner, Cuevas and Liberatore.

2. Plaintiff's remaining Claims 2 through 4 against Defendants Dunstan, Truett, Freeman, Alcatar, Lucio, Ruano and Hernandez are DISMISSED as improperly joined. The dismissal of the improperly joined parties is without prejudice to Plaintiff filing new actions (on the Court's civil rights claim form) asserting Claims 2 through 4 against those parties. Again, Plaintiff is instructed to only allege those claims that are properly joined under Federal Rule of Civil Procedure 20(a) (concerning joinder of claims and Defendants) or, stated differently, because Plaintiff may not list everything that has happened to him over a two-year time period in prison that he finds objectionable, the new actions may only allege claims that:

   a. Arise out of the **same** transaction, occurrence, or series of transactions or occurrences; and

   b. Present questions of law or fact common to **all Defendants**.

4

3. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (dkt. 1), a Magistrate Judge jurisdiction consent form, and a copy of this Order to the following Defendants at CTF: **Sergeant A. Gonzales, Jr. and Correctional Officers E. Baumgardner, L. Cuevas and C. Liberatore.** The Clerk of the Court shall also mail a copy of the complaint and a copy of this Order to the State Attorney General's Office in San Francisco. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

4. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

5. Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

   a. No later than **sixty (60) days** from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion. The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the

events at issue. A motion for summary judgment also must be accompanied by a *Rand*[3] notice so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in *Rand* must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice. However, the Court notes that under the *new* law of the circuit, in the rare event that a failure to exhaust is clear on the face of the complaint, Defendants may move for dismissal under Rule 12(b)(6) as opposed to the previous practice of moving under an unenumerated Rule 12(b) motion. *Albino v. Baca*, No. 10-55702, slip op. at 4 (9th Cir. Apr. 3, 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA"), should be raised by a defendant as an unenumerated Rule 12(b) motion). Otherwise if a failure to exhaust is *not* clear on the face of the complaint, Defendants must produce evidence proving failure to exhaust in a motion for summary judgment under Rule 56. *Id.* If undisputed evidence viewed in the light most favorable to Plaintiff shows a failure to exhaust, Defendants are entitled to summary judgment under Rule 56. *Id.* at 4-5. But if material facts are disputed, summary judgment should be denied and the district judge rather than a jury should determine the facts in a preliminary proceeding. *Id.* at 5, 10.

  If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

  b. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** after the date on which Defendants' motion is filed.

  c. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted

---

[3] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand*, 154 F.3d at 962-63.

Plaintiff also is advised that -- in the rare event that Defendants argue that the failure to exhaust is clear on the face of the complaint -- a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. To avoid dismissal, you have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents -- documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein. As mentioned above, in considering a motion to dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed issues of fact with regard to this portion of the case. *Albino*, slip op. at 5, 10.

(The notices above do not excuse Defendants' obligation to serve similar notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 935.)

        d.      Defendants shall file a reply brief no later than **fourteen (14) days** after the

7

date Plaintiff's opposition is filed.

        e.       The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

6.      Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

7.      All communications by Plaintiff with the Court must be served on Defendants or their counsel, once counsel has been designated, by mailing a true copy of the document to them.

8.      It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

9.      Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the deadline sought to be extended.

10.      The Clerk of the Court shall send Plaintiff a blank civil rights complaint form along with a copy of this Order.

IT IS SO ORDERED.

Dated: May  2 , 2014

                                                DONNA M. RYU
                                                United States Magistrate Judge