UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

MAURICE PIERRE OLIVIER,

    Plaintiff,

v.

D. DUNSTAN, et. al.,

    Defendants.

No. C 13-2954 PJH (PR)

**ORDER GRANTING DEFENDANTS' MOTION TO REVOKE PLAINTIFF'S IN FORMA PAUPERIS STATUS**

    This is a civil rights case brought pro se by a prisoner. Defendants have filed a motion to revoke plaintiff's in forma pauperis status, pursuant to 28 U.S.C. § 1915(g), because plaintiff has filed at least three prior cases that were dismissed as frivolous, malicious, or for failure to state a claim. Plaintiff has filed an opposition, and defendants have filed a reply. For the reasons set forth below, the motion is granted.

## DISCUSSION

### A. Legal Standard

    The Prison Litigation Reform Act of 1995 ("PLRA"), enacted April 26, 1996, provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The phrase "fails to state a claim on which relief may be granted," as used in § 1915(g), "parallels the language of Federal Rule of Civil Procedure 12(b)(6)." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A case is "frivolous" within the

meaning of § 1915(g) if "it is of little weight or importance: having no basis in law or fact." *Id.* (internal quotation marks and citation omitted). Further, because § 1915(g) is a procedural rule that does not raise retroactivity concerns, cases dismissed before the effective date of § 1915(g) may be counted as qualifying dismissals or "strikes." *See Tierney v. Kupers*, 128 F.3d 1310, 1311-12 (9th Cir. 1997). A district court's dismissal of a case does not count as a strike under § 1915(g) until the dismissal becomes final; that is, until the prisoner has waived or exhausted his opportunity to appeal. *Silva v. Di Vittorio*, 658 F.3d 1090, 1100 (9th Cir. 2011). A dismissal under § 1915(g) means that a prisoner cannot proceed with his action as a pauper under § 1915(g), but he still may pursue his claims if he pays the full filing fee at the outset of the action.

**B.    Analysis**

Defendants cite three cases filed by plaintiff that are strikes pursuant to § 1915(g): *Olivier v. Freeh*, No. 96-C-0052 (E.D. Wis. Jan. 16, 1996); *Olivier v. City of Los Angeles*, No. CV-07-3019-JWJ (C.D. Cal. May 18, 2007); and *Olivier v. County of Los Angeles*, No. CV-07-2961-JFW (C.D. Cal. June 7, 2007).[1]

*Olivier v. Freeh*, No. 96-C-0052 (E.D. Wis. Jan. 16, 1996), was dismissed as frivolous and counts as a strike. Motion to Dismiss ("MTD"), Ex. 2. *Olivier v. City of Los Angeles*, No. CV-07-3019-JWJ (C.D. Cal. May 18, 2007), was also dismissed as frivolous and is a strike. MTD, Ex. 5. *Olivier v. County of Los Angeles*, No. CV-07-2961-JFW (C.D. Cal. June 7, 2007), was dismissed as it lacked an arguable basis in either law or fact and any further opportunities to amend would be futile. MTD, Ex. 7. This serves as plaintiff's third strike, and all of these dismissals are final in that appeals have been exhausted or the time to appeal has expired. Moreover, plaintiff appealed a different case to the Ninth Circuit and on April 9, 2014, the Circuit revoked his in forma pauperis status finding that he had three or more strikes pursuant to § 1915(g). MTD, Ex. 1; *Olivier v. Klee*, No. 13-17129 (9th Cir. Apr. 9, 2014). The Ninth Circuit's decision was based on the same three cases

---

[1] A court may take judicial notice of public records. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

cited above.  *See* Docket No. 6 in  *Olivier v. Klee*, No. 13-17129.

Plaintiff does not dispute that he has three strikes, but argues he should be allowed to proceed in forma pauperis because he is under imminent danger of serious physical injury.  Opposition at 5-6.  In this complaint plaintiff asserts a claim of excessive force by correctional officers from a June 2012 incident and seeks monetary damages.  Plaintiff is no longer at the facility where the alleged assault occurred and does not allege that he is in danger due to the subject matter of the complaint.  Rather, plaintiff argues that due to the overcrowding in California prisons he is in imminent danger.  Plaintiff offers no specific arguments as to how he is in danger and this conclusory claim is insufficient to allow him to proceed in forma pauperis.[2]  Under plaintiff's argument, every prisoner in the California prison system could proceed in forma pauperis despite multiple strikes.  This was not the intent of the Prison Litigation Reform Act.

## CONCLUSION

1. The motion to revoke plaintiff's in forma pauperis status (Docket No. 22) is **GRANTED**.

2. Plaintiff's in forma pauperis status is **REVOKED**.  He must pay the full filing fee, four hundred dollars ($400), by **September 1, 2014**, or the case will be dismissed.

3. Plaintiff's motion to deny defendants' motion (Docket No. 28) is **DENIED**.

**IT IS SO ORDERED.**

Dated: August 6, 2014.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.13\Olivier2954.mtd.wpd

---

[2] In *Andrews v. Cervantes*, 493 F.3d 1047 (9th Cir. 2007), the Ninth Circuit held that a prisoner sufficiently alleged an imminent danger by describing the possibility of contracting an infectious disease due to the close quarters of inmates in the prison.  That was also the subject of the action in *Andrews*.  In this case, plaintiff has made no specific allegation nor does the overcrowding argument reflect the content of his complaint.